Jin Xin JIANG, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent.

No. 05–2307AG.

United States Court of Appeals, Second Circuit.

April 13, 2006.

Gang Zhou, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Wendy H. Waszmer, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Jin Xin Jiang, though counsel, petitions for review of the BIA April 14, 2005 decision affirming the decision of Immigration Judge Patricia A. Rohan ("IJ") denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirmed the IJ without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including credibility, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Our review of an adverse credibility determination is "highly deferential;" when the IJ bases that finding on specific reasons that bear a legitimate nexus to the petitioner's claim of persecution, a reviewing court generally will not be able to find that a reasonable adjudicator would be compelled to conclude otherwise. *See*

*Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

In this case, Jiang's inconsistent statements regarding whether his wife was sterilized, or he was arrested, were alone sufficient to justify the adverse credibility finding. *See id.* at 81. His wife's forced sterilization was the most critical allegation in his case, and he failed to provide any explanation for why he claimed she had been sterilized in both asylum applications and his 2003 testimony, yet stated explicitly in 1996 that she had managed to avoid being sterilized. Likewise, he failed to explain why he claimed in both applications that he had never been arrested, yet testified in 1996 that he had been arrested and detained for one month in 1993. These inconsistencies go to the heart of Jiang's persecution claim, and therefore constitute substantial evidence supporting the adverse credibility finding and consequent denial of asylum and withholding. Jiang waived any challenge to the IJ's denial of CAT relief by failing to raise that issue before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.